JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rosalene Isaac

## DEFENDANTS
W. Atlee Burpee & Company
All Staffing Warehousing Logistics, Inc.

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Albert J. Michell, P.C.
PO Box 4062
Philadelphia, PA 19118   Tel#215.922.2588

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII 42 U.S.C. 2000 et seq.
Brief description of cause:
Sexual discrimination in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 12/24/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Rosalene Isaacs

:                CIVIL ACTION

:

W. Atlee Burpee & Company
and
All Staffing Warehousing Logistics, Inc.

:                NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x )

| | | |
|---|---|---|
| 12/24/2015 | Albert J. Michell, Esq. | Plaintiff Cynthia Santiago |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.922.2588 | 215.922.2590 | amichell@netcarrier.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose assignment to appropriate calendar.

Address of Plaintiff: __2027 North 17th Street, Philadelphia, PA 19121__
__300 Park Avenue, Warminster, PA 18974 (Burpee)__
Address of Defendant: __3070 Bristol Pike, Building 1, Suite 205, Bensalem, PA19020 (All__
__Staffing)__
Place of Accident, Incident or Transaction: __300 Park Avenue, Warminster, PA 18974__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☐

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Albert J. Michell, Esq.__, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE: __12/24/2015__    __Albert J. Michell, Esquire__    __76797__
                              Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/24/2015__    __Albert J. Michell, Esquire__    __76797__
                              Attorney-at-Law                    Attorney I.D.#

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

ROSALENE ISAAC                          :         CIVIL ACTION
2027 North 17th Street                  :
Philadelphia, PA 19121                  :
      Plaintiff      :         DOCKET NO.:
                                    :
v.                                      :
                                    :
W. ATLEE BURPEE & COMPANY,              :
d/b/a BURPEE                            :
300 Park Avenue                         :
Warminster, PA 18974                    :
and                                     :
ALL STAFFING WAREHOUSING                :
LOGISTICS, INC.,                        :
d/b/a ALL STAFFING WAREHOUSING          :
3070 Bristol Pike                       :
Building 1, Suite 205                   :
Bensalem, PA 19020                      :
      Defendants     :

## COMPLAINT

    Comes now the Plaintiff, Rosalene Isaac, by and through her counsel, Albert J. Michell, Esquire, and for her complaint and cause of action, states as follows:

## PARTIES

1.    Plaintiff, Rosalene Isaac (hereinafter "Plaintiff"), is an adult female resident of the Commonwealth of Pennsylvania living at 2027 North 17th Street, Philadelphia, PA 19121.

2.    Defendant, W. Atlee Burpee & Company, d/b/a Burpee (hereinafter "Burpee") is a corporation organized under laws of the Commonwealth of Pennsylvania and a person as defined in 42 U.S.C. Sec 2000e-2(a) with its principal place of business located at 300 Park Avenue, Warminster, PA 18974.

3.    Defendant, All Staffing Warehousing Logistics, Inc., d/b/a All Staffing Warehousing

(hereinafter "ASW") is a corporation organized under the laws of the Commonwealth of Pennsylvania and a person as defined in 42 U.S.C. Sec 2000e-2(a) with its principal place of business located at 3070 Bristol Pike, Building 1, Suite 205, Bensalem, PA 19020.

4.      Defendants Burpee and ASW, hereinafter collectively referred to as "Defendants" are properly considered a single or joint employer because they are intermingled, related, and act in concert amongst themselves.

5.      At all times relevant to this action Defendants were each "engaged in an industry affecting commerce" within the meaning of Sections 701(g) and 701(h) of Title VII, 42 U.S.C. Sections 2000e(g) and 2000e(h) (hereinafter "Title VII").

6.      For each working day and for each of twenty or more calender weeks in the current calender year, 2015, and at all other times relevant hereto, Defendants each employed twenty or more persons.

7.      At all times relevant to this action, Defendants were an "employer" within the meaning of Section 701(b) of Title VII, 42 U.S.C. Section 2000e(b).

8.      At all times relevant to this action, Defendants were an "employer" within the meaning of Section 4 of the Pennsylvania Human Relations Act, 43 P.S. Section 954 (hereinafter "PHRA").

9.      At all times relevant to this action, Defendants were an "employer" of Plaintiff within the meaning of Section 5 of the PHRA, 43 P.S. Section 955.

## JURISDICTION

10.      Jurisdiction of this court comes under 28 U.S.C. Sec. 1331 (federal question) based on Ms. Isaac's claims under Sections 703(a) and 706(f)(1) of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2(a) and 2000e-5(f)(1) ("Title VII") (employment discrimination).  The state law components of this action arise under the Pennsylvania Human Relations Act, 43 P.C. Sections 953, 955 and 962(c)(1) ("PHRA").  This Court has supplemental subject matter jurisdiction over the state law components of this action pursuant to 28 U.S.C. Section 1367(a).

## VENUE

11.   Venue in this district is proper because the discriminatory acts complained of occurred in Warminster and Bensalem, Pennsylvania, and Defendants are based in Warminster and Bensalem, Pennsylvania.

## PROCEDURAL REQUIREMENTS

12.   On December 23, 2014, within 180 days of the occurrence of the acts of discrimination of which she complains, Plaintiff Rosalene Isaac filed complaint against her employers with the Equal Employment Opportunity Commission ("EEOC") alleging sex-based employment discrimination and retaliation.

Said complaints were concurrently filed with the Pennsylvania Humans Relations Commission ("PHRC").

The administrative agencies have held exclusive jurisdiction over Plaintiff's complaints for over 1 year.

To date, the EEOC and PHRC have not reached a conciliation agreement to which Plaintiff is a party.

On or about October 19, 2015, Plaintiff received from the EEOC Notices of Right To Sue for her charges, allowing her to sue in Federal Court within ninety (90) days.  (See attached hereto and incorporated herein as Plaintiff's Exhibit "A", Notice of Right To Sue letters.)

## FACTS

13.   On September 26, 2014 Plaintiff began employment with ASW, a temporary employment agency, which immediately placed her as a temporary employee with Burpee at its plant/seed facility located at 300 Park Avenue, Warminster, PA 18974.

14.   Plaintiff was a Packer in Burpee's warehouse whose duties included packaging, among

3

other things, plant and seed containers.

15.    Defendants Burpee and ASW have and had a contractual relationship in which ASW provides temporary employees to Burpee in exchange for payment based on the number of hours the employee works at Burpee.

16.    Plaintiff worked together and interacted with ASW employees as her co-workers and supervisors as well as Burpee permanent employees as her co-workers and supervisors.

17.    Plaintiff, an hourly employee, clocked in and out of work using Burpee's time clock machine.

18.    Plaintiff received and was subject to an ASW employee handbook as well as a Burpee employee handbook.

19.    ASW's handbook addressed and directed its employees, including Plaintiff, on issues including but not limited to, at will employment, standards of conduct and work rules, attendance, workers compensation, and termination process.

20.    Burpee's handbook directly addressed and directed its temporary employees, including Plaintiff, on issues such as start and stop times, time keeping, overtime, breaks/lunch, reporting an absence, inclement weather, social media, cell phone policy, lockers, dress code, good housekeeping, communicable diseases, and safety.  The handbook provided temporary employees with Burpee phone numbers to contact in cases of inclement weather and absences.

21.    ASW issued paychecks to Plaintiff based on her hours worked at Burpee's facility.

22.    Plaintiff worked exclusively for Burpee at its facility.

23.    Plaintiff's direct supervisor in her position of Packer was Jose Gonzales, believed and therefore averred to be an employee of Burpee (hereinafter "Mr. Gonzales").

24.    Plaintiff, an hourly employee, was an excellent worker.

25.    While on the job as Plaintiff's supervisor Mr. Gonzales would on a daily basis consistently sexually harass Plaintiff by winking at her, grabbing her arm and pulling her hair, and touching her body, including her breasts and buttocks.

26.    Mr. Gonzales also made sexual comments to Plaintiff on a regular basis, including but not limited to telling her what he would do to her and the different ways he would have sex with her.

4

27.     Plaintiff rejected Mr. Gonzales' physical assaults and verbal advances, but he nevertheless continued his behavior.

28.     Gonzales sexually harassed numerous other female employees at the facility as well, including but not limited to Katherine (LNU), Laura (LNU), Maria (LNU) and Jennifer (LNU).

29.     Plaintiff then complained of Gonzales' conduct to Sean Kovacs (hereinafter "Mr. Kovacs"), site supervisor for ASW on or about October 15, 2014.

30.     Mr. Kovacs told Plaintiff not to tell anyone else about the harassment and that he would address the matter.

31.     Plaintiff also reported Mr. Gonzales' sexually harassing conduct to supervisors Lou (LNU) and Carol (LNU), both Burpee employers.

32.     The harassment by Mr. Gonzales continued unabated even after Plaintiff talked to Mr. Kovacs.

33.     As a result, on or about October 22, 2014 Plaintiff complained of Mr. Gonzales' conduct to the president of ASW, Phil Lepre (hereinafter "Mr. Lepre").

34.     At Mr. Lepre's behest Plaintiff subsequently met with him and the company's attorney Taylor Fletcher (hereinafter "Mr. Fletcher") on or about October 25, 2014 and Plaintiff explained the conduct of Mr. Gonzales and the fact that it continued even after she had reported it to Mr. Kovacs.

35.     On or about October 26, 2014 Mr. Lepre and Mr. Fletcher held a meeting with Plaintiff and female ASW workers who worked in the vicinity of Mr. Gonzales.

36.     During the above meeting Mr. Lepre and Mr. Fletcher met with the other female employees separately and individually.

37.     Approximately two days later Mr. Gonzales was transferred to another Burpee location next door to the facility in which Plaintiff worked.

38.     Immediately after this, Plaintiff began to be harassed by Burpee and ASW co-workers, including but not limited to two individuals named Jennifer (LNU) and an individual named Ann (LNU), all of whom blamed plaintiff for having Mr. Gonzales removed from the site, referring to her as a "snitch".

39.     Other co-workers stopped talking to Plaintiff because of what happened to Mr. Gonzales.

5

40.     Plaintiff reported this harassment to Mr. Kovacs, to no avail.

41.     Plaintiff reported this harassment to Mr. Lepre and shortly after doing so, on or about November 4, 2014 Plaintiff was falsely issued a Notice of Disciplinary Action by Sean Kovacs disciplining her for reporting the harassment to Phil Lepre instead of him, her immediate supervisor.

42.     On or about November 19, 2014 one of the above Burpee employees named Jennifer (LNU) called Plaintiff a liar, indicated that Mr. Gonzalez was a good person, and began cursing at Plaintiff, and called her a bitch; all in front of Mr. Kovacs, who said nothing.

43.     Jennifer physically approached Plaintiff and intimidated and challenged her.

44.     Plaintiff thereupon fled to the bathroom and called the police.

45.     The police arrived and Plaintiff was told to go home by Mr. Kovacs and Burpee management.

46.     Plaintiff was subsequently called by Mr. Lepre and ordered to report to his office, which she did.

47.     Plaintiff was met by, among others, Mr. Lepre and his daughter Brittany Lepre (hereinafter "Ms. Lepre"), who is Human Resources Manager with ASW.

48.     Plaintiff was then issued another false Notice of Disciplinary Action by Mr. Kovacs for not following the proper chain of command in notifying the police instead of Mr. Kovacs.

49.     On the same day, November 19, 2014 Plaintiff was falsely issued another Notice of Disciplinary Action by Sean Kovacs for failing to show up for her shift on time and warning her supervisor that she was going to arrive later after the shift started.

50.     Plaintiff was told by Ms. Lepre to call ASW the next day to see if work was available for her.

51.     Plaintiff did so and consistently called ASW for work after that date, but was always untruthfully told that no work was available locally.

52.     Plaintiff was never contacted by ASW or Burpee and she eventually stopped calling ASW for work on or about December 19, 2014.

53.     Defendants and their agents humiliated, embarrassed, and subjected Plaintiff to mental distress and anguish through their deliberate discrimination and retaliation.

6

54.    As a further result of Defendants' sexual discrimination and retaliation against Plaintiff, she suffered lost pay and benefits and other monetary damages including the necessity of hiring an attorney to file this suit

**COUNT I**
Title VII - Sex Discrimination in Employment
(Sexual Harassment - Hostile Work Environment)
Plaintiff  v. Defendants Burpee and ASW

55.    Plaintiff incorporates paragraphs 1 through 54 as though set forth in full herein.

56.    By the conduct of Burpee and ASW by and through their employees, set forth in the Statement of Facts above, Defendants each engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

57.    Taken together, the acts outlined above constitute a hostile work environment based on gender.

      (a)    Plaintiff suffered the intentional discrimination outlined above because of her membership in a protected class - female.

      (b)    Such discrimination was severe, pervasive, and regular.

      (c)    Such discrimination consisted in part of tangible employment actions and detrimentally affected the Plaintiff.

      (d)    Such discrimination would have detrimentally affected a reasonable person of the same protected class in Plaintiff's position.

      (e)    There existed in Defendants both direct and respondeat superior liability for the actions of their agents and employees.

58.    The unlawful employment practices outlined above were intentional.

59.    As a result of Defendants' action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

60.    The above described acts and omissions of Defendants with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the

7

federally protected rights of Plaintiff.

61.     Said acts and omissions of Defendants were committed by and through their management employees within their agency relationships with Defendants.

62.     The extreme and outrageous acts and omissions of Defendants merit the imposition of punitive damages.

**WHEREFORE,** Plaintiff Rosalene Isaacs prays that this Court:

    (a)    accepts jurisdiction over this matter;

    (b)    impanels and charges a jury with respect to the causes of action; and

    (c)    awards the following damages:

        i.    back pay, front pay, and all lost benefits along with pre and post judgment interest;

        ii.    punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

        iii.    attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Federal and Pennsylvania state statutes; and

        iv.    any other relief which this Court deems just and equitable.

## COUNT II

### PHRA - Sex Discrimination in Employment
(Sexual Harassment - Hostile Work Environment)
Plaintiff v. Defendants Burpee and ASW

63.     Plaintiff incorporates paragraphs 1 through 62 as though set forth in full herein.

64.     By the conduct of Defendants Burpee and ASW by and through their employees, as set forth in the Statement of Facts above, Defendants each engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Section 955.

65.     Taken together, the acts outlined above constitute a hostile work environment based on gender.

    (a)    Plaintiff suffered the intentional discrimination outlined above because of her membership in a protected class - female.

(b)     Such discrimination was severe, pervasive, and regular.

(c)     Such discrimination consisted in part of tangible employment actions and detrimentally affected the Plaintiff.

(d)     Such discrimination would have detrimentally affected a reasonable person of the same protected class in her position.

(e)     There existed in Defendants both direct and respondeat superior liability for the actions of their agents and employees.

66.     The unlawful employment practices outlined above were intentional.

67.     As a result of Defendants' action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

68.     Defendants engaged in the unlawful employment practices outlined above with malice or reckless indifference to the state and municipality protected rights of Plaintiff.

**WHEREFORE,** Plaintiff Rosalene Isaac prays that this Court:

(a)     accepts jurisdiction over this matter;

(b)     impanels and charges a jury with respect to the causes of action; and

(c)     awards the following damages:

     i.     back pay, front pay, and all lost benefits along with pre and post judgment interest;

     ii.     compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

     iii.     attorneys' fees, expert witness fees, the costs of this action and expenses as provided for by applicable Federal and Pennsylvania state statutes; and

     iv.     any other relief which this Court deems just and equitable.

## COUNT III
### Retaliation - Title VII & PHRA
### Plaintiff v. Defendants Burpee and ASW

69.     Plaintiff incorporates paragraphs 1 through 68 as though set forth in full herein.

70.     Plaintiff engaged in the opposition to unlawful employment practices, Defendants' described acts constituting violations of Title VII and the PHRA, by making statements in opposition to such treatment to management of both Defendants.

71.     Further, on December 23, 2014 Plaintiff filed charges of sex discrimination and harassment with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

72.     As a direct result of her above actions Plaintiff suffered the discriminatory treatment by Defendants as described above, including but not limited to being harassed by Burpee and ASW employees, having her complaints of harassment to management go unaddressed, being given multiple false Notices of Disciplinary Action, and ultimately being terminated by Defendants.

73.     By and through their actions, Defendants violated the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), et seq. and the PHRA by retaliating against Plaintiff after she exercised her legal and protected rights to complain of discrimination.

74.     The unlawful employment practices outlined above were intentional.

75.     Defendants engaged in the unlawful employment practices outlined above with malice or reckless indifference to the federally protected rights of Plaintiff.

76.     As a result of Defendants' action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish and loss of enjoyment of life's pleasures.

**WHEREFORE,** Plaintiff Rosalene Isaac prays that this Court:
   (a) accept jurisdiction over this matter;
   (b) impanels and charges a jury with respect to the causes of action; and
   (c) awards the following damages:
         i.     back pay, front pay, and all lost benefits along with pre and post judgment interest;
        ii.     punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;
       iii.     reinstatement with applicable seniority, attorneys' fees, expert

10

witness fees, the costs of this action and expenses as provided for
by applicable, Federal and Pennsylvania state statutes; and

iv.    any other relief which this Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury on all counts.

Dated: 12/24/15

        */s/ Albert J. Michell*
Albert J. Michell, Esquire
Attorney ID: 76797
**ALBERT J. MICHELL, P.C.**
1819 JFK Boulevard, Suite 465
Philadelphia, PA 19103
Send correspondence to:
PO Box 4062
Philadelphia, PA 19118
Telephone: 215.922.2588
Validation of Signature Code: AJM4598

EXHIBIT "A"

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Rosalene Isaac
2027 N. 17th Street
Philadelphia, PA 19121

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2015-00965** | **Legal Unit** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  it has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Spencer H. Lewis, Jr.,**
**District Director**

10/16/15
*(Date Mailed)*

Enclosures(s)

cc:  **Taylor Fletcher, Esq.**
**KAWALSKI, FLETCHER & KIRKPATRICK, P.C.**
**3070 Bristol Pike, Building 2, Suite 204**
**Bensalem, PA 19020**

**Albert Michell, Esq.**
**ALBERT J MICHELL, PC**
**PO Box 4062**
**Phila, PA 19118**

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Rosalene Isaac<br>2027 N. 17th Street<br>Philadelphia, PA 19121 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2015-00960 | Legal Unit | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**District Director**

10/16/15
*(Date Mailed)*

cc: Lee A. Schwartz, Esq.
Law Firm of Lee A. Schwartz
1325 Spruce Street
Phila, PA 19107

Albert Michell, Esq.
ALBERT J MICHELL, PC
PO Box 4062
Phila, PA 19118